**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **REVHD, LLC** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. _1:24-cv-4871** |
| | ) | |
| **v.** | ) | **DEMAND FOR JURY** |
| | ) | |
| **S&S TRUCK PARTS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## COMPLAINT

---

Since 2014, RevHD LLC ("RevHD") has manufactured two types of wheel seals that are designed to be installed on wheels of heavy-duty trucks and function to prevent contaminants from entering the wheel and oil from leaking. But recently, RevHD learned that S&S Truck Parts, LLC ("Defendant") has been infringing on RevHD's rights by selling and offering for sale infringing wheel seals, and generally committing acts of infringement, in this judicial district. Defendant is doing so by selling infringing wheel seals to consumers and retailers in this district and throughout Illinois.

For these reasons, as further explained below, RevHD brings this Complaint for damages for, among other things, trade dress and false designation violations, consumer fraud, and deceptive trade practices. In support, RevHD shows as follows:

### NATURE OF THE ACTION

1.     RevHD seeks injunctive relief and damages for acts of trade dress infringement, false designation of origin, unfair competition, and violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act engaged in by Defendant in violation of the laws of the United States and the State of Illinois.

## PARTIES

2.      Plaintiff RevHD, LLC is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 707 Spence Lane, Nashville, TN 37217.

3.      Defendant S&S Truck Parts, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 600 W. Irving Park Road, Schaumburg, IL 60193.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the claims in this action that relate to trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States.  Additionally, this Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332.

5.      This court has personal jurisdiction over Defendant because Defendant has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant has a principal place of business located within this district, and Defendant has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district, and Defendant has a regular and established place of business in this district.

## **GENERAL ALLEGATIONS**

7.      Up until 2014, the market for wheel seals and other end-wheel end-products was dominated by large companies that had little interest in developing unique products that addressed customer needs.

8.      Recognizing the need for innovation in the industry, trucking supplier veteran Brian Beathard founded RevHD to design and build innovative products.

9.      RevHD's slogan, featured prominently on its packaging, is "Reinventing the Wheel End."

10.     RevHD's principal products are the Rev Max and Rev1 wheel seals, which account for over 85% of the company's revenue.

11.     Both seals are designed to be installed on wheels of heavy-duty trucks and function to prevent contaminants from entering the wheel and oil from leaking.

12.     The Rev Max and Rev1 wheel seals are comprised of a top ring-shaped plate and a bottom ring-shaped plate attached to the top plate.

13.     Unlike competitor products, the Rev Max and Rev1 wheel seals are specifically designed to be installed with a hammer (as opposed to a special tool) and to flex within the hub to help eliminate failures due to cocked seals—i.e., the top plate is purposely designed to move upward relative to the bottom plate.

14.     The Rev1 and Rev Max are structurally identical except that the Rev Max, which is RevHD's premium seal, uses a premium rubber (HBNR).

15.     The top and side view of the Rev1 and the Rev Max wheel seal are shown below.



Top view of Rev Max wheel seal

Side view of Rev Max wheel seal

Top view of Rev1 wheel seal

Side view of Rev1 wheel seal

16.     In 2018, to distinguish the premium Rev Max wheel seal from the Rev1 wheel seal and competitors, RevHD created a distinctive two-tone design in which the top ring-shaped plate is covered with a bright color, namely, bright orange elastomer, and the bottom-ring shaped plate is covered with a black elastomer.

17.     To RevHD's knowledge, the Rev Max wheel seal is the only two-toned rubber wheel seal on the market.

18.     The overall look of the Rev Max seal is so unique that a picture of the Rev Max wheel seal is prominently displayed on the front of the product's package, as can be seen by the photograph below:



19.     In addition to the two-tone design, the Rev Max wheel seal includes rows of outer ribs on the outside ring wall of the black elastomer that are spaced evenly apart, as well as rows of inner ribs (also orange) located on the inner ring wall of the top bright orange elastomer that are spaced evenly apart.

20.     The outside ring wall of the orange elastomer is also the same circumference as the outside ring wall of the black elastomer so that the outside ring walls of the top plate and bottom plate are aligned.

21.     When the top plate is pulled upwardly from the bottom plate, an indented black wall is revealed.

22.     In addition, the top of the top orange elastomer is flat and includes the words "AIR SIDE" in all capital letters.

23.     Together, the two-tone design, ribs, aligned outside ring walls, indented black wall, and distinctive top of the orange elastomer form the "Rev Max Trade Dress."

24.     As a result of RevHD's widespread use and promotion of the Rev Max Trade Dress in association with wheel seals, (a) the public has come to recognize and identify the wheel seals as emanating from RevHD, (b) the public recognizes that the wheel seals bearing the Rev Max Trade Dress constitute high quality products that conform to the specifications of RevHD, and (c) the Rev Max Trade Dress has established strong secondary meaning and good will.

25.     In fact, RevHD is so certain of the quality of the wheel seals that it offers an industry leading three-year warranty.

26.     The Rev Max seals have generated over $22 million in sales since launch, which is impressive given that RevHD has only fifteen employees and is much smaller than its competitors.

27.     RevHD has spent approximately $600,000 in promoting the Rev Max in advertising campaigns that promote the Rev Max Trade Dress, including trade shows.

28.     The Rev Max Trade Dress is not functional. Wheel seals can and do have a variety of shapes and colors. Examples of commercially available alternatives are shown in the table below.



Stemco Discover XR Wheel Seal

SKF Scotseal Plus XL[1]

29.     Further the design features of the Rev Max Trade Dress are not comparatively simple or easy to manufacture.

30.     Subsequent to RevHD's use and adoption of the Rev Max Trade Dress, Defendant developed, manufactured, imported, advertised and/or sold wheel seals that use a design that is confusingly similar to the Rev Max Trade Dress.

31.     In particular, Defendant manufactures, uses, sells, offers for sale, promotes, advertises and/or imports into the United States the following wheel seal which infringe RevHD's intellectual property rights ("the Infringing Product"):

---

[1] https://www.fleetpride.com/parts/skf-wheel-seal-35058pro?gad_source=1&gclid=Cj0KCQjw6PGxBhCVARIsAIumnWY4rnYKbHRhhiqX4UMuEdpFo6EOatmIWUT8caI5dQx2o35KFvpmrGoaAr8lEALw_wcB



|  |  |
| --- | --- |
| Top View<br>of the Infringing Product | Side view<br>of the Infringing Product |

32.    Like the Rev Max Trade Dress, the Infringing Product has a top ring-shaped plate that is covered with a bright color, and a bottom-ring shaped plate that is covered with a black elastomer.

33.    In addition to the two-tone design, the Infringing Product includes rows of ribs on the outside ring wall of the black elastomer that are spaced evenly apart, as well as ribs located on the inner ring wall of the top bright orange elastomer that are spaced evenly apart.

34.    The outside ring wall of the orange elastomer is also the same circumference as the outside ring wall of the black elastomer so that the outside ring walls of the top and bottom of the Infringing Product are aligned.

35.    When the top plate is pulled upwardly from the bottom plate, an indented black wall is revealed.

36.    In addition, the top of the top bright colored elastomer of the Infringing Product is flat and includes the words "AIR SIDE" in all capital letters.

37.     In fact, aside from the fact that Defendant's top elastomer is bright red, instead of bright orange, the Infringing Product and the Rev Max wheel seal are identical.

38.     The products have substantially identical, if not identical, dimensions, even down to the number of ribs and spacing between ribs, as can be clearly seen in the picture below where the Infringing Product is on top and the Rev Max wheel seal is below.



39.     Complicating matters further, the Infringing Product does not identify the manufacturer of the seal.

40.     In fact, the Infringing Product has been sold in product packaging that includes the RevHD wheel seal number, RM-D02, as can be seen here:



41.     The Infringing Product has also been sold in packaging that copies, in near verbatim

language, from Rev Max's packaging and advertising, including the phrases "Flex design to help

prevent cocked seals"; "free tube of sealer in every box"; and "Packaged for longer shelf life", as

shown by the annotated pictures below.





42.     Actual confusion has already occurred, as one purchaser of the Infringing Product contacted RevHD to request a warranty claim.

43.     Additionally, Defendant, at least on one occasion, knowingly passed off its Infringing Product wheel seal as the Rev Max wheel seal when a RevHD distributor in Arizona (Beltway) called to ask the Defendant if it sold Rev Max wheel seals and Defendant replied in the affirmative. In fact, Defendant provided the distributor a price that was lower than RevHD's price on the Rev Max wheel seal.

44.     The distributor then spoke with a RevHD representative (Mark Appleman) to demand why the pricing was different.

45.     Mr. Appleman informed the distributor that Defendant was attempting to sell it a wheel seal that was not the Rev Max.

46.     On March 25, 2024, RevHD sent Defendant a cease-and-desist letter demanding that Defendant cease selling wheel seals that infringe the Rev Max Trade Dress, to which Defendant responded but refused to comply. True and correct copies are attached as Exhibit 1 and Exhibit 2.

47.     Despite RevHD's letter, Defendant has continued selling infringing products and the Infringing Product.

48.     RevHD is informed and believes, and based thereon alleges, that Defendant has intended to blatantly copy RevHD's proprietary designs, and pass off its goods as RevHD's high

quality products to misappropriate the immense goodwill that RevHD has spent enormous time, effort, and expense to cultivate in the marketplace. Defendant's use of the Rev Max Trade Dress in commerce is likely to cause confusion, cause mistake, and deceive as to an affiliation, connection, or association of Defendant and/or its products with RevHD, when there is none.

49.     Defendant's acts complained of herein have caused RevHD to suffer irreparable injury to its business. RevHD will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

50.     RevHD is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF
## DEFENDANT'S INFRINGEMENT OF REVHD'S TRADE DRESS

51.     RevHD repeats and re-alleges the allegations of paragraphs 1-50 of this Complaint as set forth fully herein.

52.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

53.     Subsequent to RevHD's use and adoption of the RevHD Flex Seal Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the RevHD Flex Seal Trade Dress. An example of Defendant's infringing use of the Infringing Product is shown below:

12



54.     Defendant's use of the RevHD Flex Seal Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Infringing Product.

55.     RevHD is informed and believes, and based thereon alleges, that Defendant infringed RevHD's trade dress rights with the intent to unfairly compete with RevHD, to trade upon RevHD's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associate with, sponsored by, originated from, or are approved by RevHD, when they are not, resulting in a loss of reputation in, and mischaracterization of, RevHd's products and its brand, damaging its marketability and saleability

56.     Defendant's activities constitute willful and intentional infringement of RevHD's trade dress rights in total disregard of RevHD's proprietary rights, and were done despite Defendant's knowledge that use of the RevHD Flex Seal Trade Dress as, and is, in direct contravention of RevHD's rights.

57.     RevHD is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to RevHD. By reason of Defendant's actions, constituting trade dress infringement, RevHD has been damaged and is entitled to monetary relief in an amount to be determined at trial.

58.     Pursuant to 15 U.S.C. § 1117, RevHD is entitled to recover (1) Defendant's profits, (2) damages sustained by RevHD, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court shall find to be just, according to the circumstances of the case. The Court may also award RevHD its reasonable attorneys' fees for the necessity of bringing this claim in this case.

59.     Due to Defendant's actions, constituting trade dress infringement, RevHD has suffered great and irreparable injury, for which RevHD has no adequate remedy at law.

60.     Defendant will continue to infringe RevHD's trade dress rights to the great and irreparable injury of RevHD, unless and until Defendant is enjoined by this Court.

**<u>SECOND CLAIM FOR RELIEF</u>**
**<u>FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND</u>**
**<u>FEDERAL UNFAIR COMPETITION</u>**

61.     RevHD repeats and re-alleges the allegations of paragraphs 1-60 of this Complaint as if set forth fully herein.

62.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

63.     Defendant's use of the RevHD Flex Seal Trade Dress, without RevHD's consent, constitutes false designation of origin, false or misleading description of fact, or false or misleading

representation of fact, which is likely to cause confusion, or to make mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

64.     RevHD is informed and believes, and based thereon alleges, that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to RevHD's rights.

65.     Pursuant to 15 U.S.C. § 1117, RevHD is entitled to recover (1) Defendant's profits, (2) any damages sustained by RevHD, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case.  The Court may also award RevHD its reasonable attorneys' fees for the necessity of bringing this claim in this case.

66.     RevHD has been damaged by Defendant's conduct in an amount to be determined at trial.

67.     Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, RevHD has suffered and continues to suffer great and irreparable injury, for which RevHD has no adequate remedy at law.

68.     Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

15

### THIRD CLAIM FOR RELIEF
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

69.     RevHD repeats and re-alleges the allegations of paragraphs 1-68 of this Complaint as if set forth fully herein.

70.     This is a claim for violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

71.     Defendant engaged in acts violating Illinois law including, but not limited to, trade dress infringement, false designation of origin, passing off, and federal unfair competition. Such acts cause a likelihood of confusion and/or misunderstanding as to the source of Defendant's goods, and/or a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine RevHD products.

72.     Defendant's aforementioned acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

73.     Defendant's aforementioned acts have damaged RevHD in an amount to be determined at trial.

74.     Defendant has irreparably injured RevHD. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of RevHD's rights, for which RevHD has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACTICES ACT

75.     RevHD repeats and incorporates by reference the allegations contained in Paragraphs 1-74 as if fully set forth herein.

76.     Defendant's aforementioned conduct of unfair competition in violation of Section 2 of the Uniform Deceptive Trade Practices Act 815 ILCS § 510, *et seq*. is likely to misrepresent

the nature of the Defendant's products and is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's products and therefore constitutes a violation of the Illinois Consumer Fraud and Deceptive Trade Practice Act, 815 Ill. Comp. Stat § 505/1, *et seq*.

77.     As a result of Defendant's acts, RevHD has suffered, and continues to suffer irreparable injury.

78.     Defendant has and will continue to profit and gain as a result of its conduct.

79.     As a result of Defendant's actions, RevHD is entitled to actual damages, attorney's fees, and costs associated with bringing this action pursuant to 815 ILCS § 505/10a.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

80.     RevHD repeats and re-alleges the allegations of paragraphs 1-79 of this Complaint as if set forth fully herein.

81.     This claim arises under the common law of the State of Illinois.

82.     Defendant has engaged in unfair competition through its reliance on and exploitation of consumer mistake and confusion, and its deliberate efforts to exploit the goodwill represented by the Rev Max Trade Dress.

83.     Defendant's aforementioned acts constitute unfair competition in violation of Illinois common law.

84.     As a proximate result of Defendant's actions, RevHD has suffered and will continue to suffer damages.

85.     RevHD has no adequate remedy at law and will continue to suffer irreparable harm unless Defendant is enjoined.

86.    By reason of Defendant's unlawful conduct as alleged above, RevHD has been substantially injured and is entitled to damages and Defendant's profits attributable to Defendant's infringement, which are presently indeterminate, and the costs of this action.

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY

87.    RevHD repeats and re-alleges the allegations of paragraphs 1-86 of this Complaint as if set forth fully herein.

88.    RevHD had a reasonable expectancy of entering into a valid business relationship with its future customers who are in need of its wheel seal products, including the specific customer referenced above whom Defendant deceived and intentionally interfered with said customer's attempt to conduct business with RevHD.

89.    Defendant knew of RevHD's expectancy, which is why Defendant created a carbon copy of RevHD's Rev Max so as to tread off of RevHD's success and steal its current and future customers.

90.    It was Defendant's intentional and unjustified interference, as described herein, that prevented and continues to prevent RevHD from realizing its business expectancy.

91.    As a result of the foregoing interference, RevHD has suffered damages, for which it is entitled to recover compensatory damages in form of, including but not limited to, lost profits, harm to reputation, and emotional damages, in addition to punitive damages, to include attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, RevHD prays for judgment in their favor against Defendant for the following relief:

A. That the Court find for RevHD and against Defendant on RevHD's claim of trade dress infringement, false designation of origin, passing off, violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, et seq., violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

B. That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

i. manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing the RevHD Rev Max Trade Dress, or any products that are not colorably different therefrom;

ii. using the RevHD Flex Seal Trade Dress, or any other trade dress that is confusingly similar to RevHD's Rev MaxTrade Dress;

iii. falsely designating the origin of Defendant's products;

iv. passing off Defendant's products as those of RevHD®;

v. misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

vi. unfairly competing with RevHD in any manner whatsoever; and

vii. causing a likelihood of confusion or injuries to RevHD's business reputation.

C. That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation or origin, passing off, and unfair competition;

D.  That RevHD be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by RevHD as a result of Defendant's acts of trade dress infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award to RevHD of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

E.  An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

F.  An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 815 ILCS § 505/10a, and/or Illinois common law;

G.  An award of compensatory and punitive damages under Illinois law;

H.  An award to RevHD of the attorneys' fees, expenses, and costs incurred by RevHD in connection with this action pursuant to 15 U.S.C. § 1117, 815 ILCS § 505/10a, and/or Illinois common law;

I.  An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

J.  Such other and further relief as this Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RevHD requests a trial by jury of all issues so triable.

Date: June 12, 2024

Respectfully submitted,

CHRISTENSEN HSU SIPES, LLP

_____

Nathan A. Hall (ARDC No. 6308423)
224 S. Michigan Avenue, STE 1300
Chicago, IL 60604
Phone: (312) 634-1014
Email: *nate@chs.law*

WRIGHT, CORTESI & GILBREATH

Stephan R. Wright (*pro hac vice* pending)
Charles W. Gilbreath II (*pro hac vice*
pending)
2030 Hamilton Place Blvd., STE 240
Chattanooga, TN 37421
Phone: (423) 826-6919
Emails: *swright@wcglegal.com*
*cgilbreath@wcglegal.com*

21